ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 25
CLERK, U.S. DISTRICT COURT
By _____ KC
      Deputy

| | |
|---|---|
| JANI-KING FRANCHISING, INC. | )( |
| | )( |
| Plaintiff, | )( |
| | )( |
| v. | )(   Civil Action No. 3:05-CV-01042 |
| | )( |
| WESTRA SERVICES PTE, LTD., | )( |
| FUTUREKIDS SINGAPORE PTE LTD | )( |
| f/k/a WOODSWORTH WALNUT PTE | )( |
| LTD, and WONG EE WAUR CARL | )( |
| JASON | )( |
| | )( |
| Defendants. | )( |

**DEFENDANTS WESTRA SERVICES PTE, LTD. and FUTUREKIDS
SINGAPORE PTE, LTD.'S (f/k/a WOODSWORTH WALNUT PTE LTD)
ORIGINAL ANSWER, DEFENDANT WONG EE WAUR CARL JASON'S
ORIGINAL ANSWER SUBJECT TO 12(b)(2) MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION, AND DEFENDANT WESTRA'S
COUNTERCLAIM**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Westra Services PTE, Ltd. ("Westra") and Futurekids Singapore PTE, Ltd. (f/k/a Woodsworth Walnut PTE, Ltd.) ("Futurekids") file this Original Answer, Defendant Wong Ee Waur Carl Jason ("Wong") files this Original Answer Subject to Wong's 12(b)(2) Motion to Dismiss For Lack of Personal Jurisdiction, and Defendant Westra's Counterclaim.

A. Admissions and Denials

1.  Defendants admit the allegations in Paragraph 2 of Plaintiff's Original Petition.

2.  Defendants admit the allegations in Paragraph 3 of Plaintiff's Original Petition.

3.  Defendants admit the allegations in Paragraph 4 of Plaintiff's Original Petition.

4.  Defendants admit the allegations in Paragraph 5 of Plaintiff's Original Petition.

1



5. Defendants admit the allegation in Paragraph 6 that venue of this action, as it relates to Defendants Westra, is proper in Dallas County, Texas. Defendants deny the allegation in Paragraph 6 that venue of this action is proper in Dallas County, Texas as to Defendants Futurekids and Wong. Defendants admit the remaining allegations in Paragraph 6, except that they deny the allegation that Wong is a party to, or is governed by, the Regional Franchise Agreement. Defendants deny that an Agreement was attached to Plaintiff's Petition as "Exh 1".

6. Defendants admit the allegation in Paragraph 7.

7. Defendants can neither admit nor deny the allegations in Paragraph 8, as they relate to Plaintiff's internal business statistics and operations, and its opinion of its business.

8. Defendants admit the allegations in Paragraph 9, except it was agreed and understood that within 45 days another company, which is Defendant Westra, would be formed and take over the performance of the Franchise Agreement in place of Futurekids.

9. Defendants can neither confirm nor deny at this time that Wong owned a majority of Woodsworth's stock either at the time the Agreement was executed or subsequently. Defendants deny that Wong "owned" Westra or a majority of Westra's stock as alleged. Defendants can neither confirm nor deny at this time that Wong was required to own a majority of Woodsworth and Westra's stock. Defendants admit that Wong managed and directed the day to day operations of Westra and deny that Wong managed and directed the day to day operations of Futurekids as alleged. Defendants deny that the First Amendment to the Regional Franchise Agreement was attached to Plaintiff's Petition as "Exh. 2". Defendants admit the remainder of the allegations of Paragraph 10.

10. Defendants deny the allegations in Paragraph 11.

11. Defendants deny the allegations in Paragraph 12.

12. Defendants deny the allegations in Paragraph 13.

13. Defendants deny the allegations in Paragraph 14.

14. Defendants deny the allegations in Paragraph 15.

15. Defendants deny the allegations in Paragraph 16.

16. Defendants deny the allegations in Paragraph 17.

17. Defendants can neither admit nor deny the allegations in Paragraph 18, except that Defendants deny that they are required to give answers and responses to Plaintiff's written discovery requests within fifty (50) days of service of Plaintiff's Petition.

18. Defendants deny the allegations in Plaintiff's prayer in its Petition.

### B. Affirmative Defenses

19. Defendants are not liable to Plaintiff because of fraud in the inducement and misrepresentation by Plaintiff.

20. Defendant Wong was never a party to the Franchise Agreement or any amendments thereto.

21. Defendant Futurekids was intended to be only a transitional party to the Franchise Agreement, and not the entity which would actually perform the terms of any Franchise Agreement or amendments thereto.

22. There was a novation of the Franchise Agreement.

### C. Counterclaim

23. Defendant Westra brings this counterclaim against Plaintiff for fraud, breach of contract and misrepresentation. Prior to the entering of the Franchise Agreement, it was

requested that Plaintiff provide information on the computation of cleaning proposals for a building in Singapore upon which profits were forecast. The information provided by Plaintiff in writing was wholly inaccurate, resulting in the inability of Defendant Westra to generate the royalties that Plaintiff said were achievable, and sell the number of franchises expected. As a result of Plaintiff's conduct, Defendant Westra suffered financial losses.

### D. Amendment of Answer

24. Plaintiff did not attach the numbered exhibits, specifically the executed Regional Franchise Agreement (Exhibit 1) and the First Amendment to the Regional Franchise Agreement (Exhibit 2) to its Original Petition as stated therein. Defendants did not have the benefit of the review of those documents as of the time of filing this Original Answer. Defendants therefore reserve the right to amend this Original Answer after receipt of these documents from Plaintiff, and a complete review of them.

### E. Conclusion

25. For these reasons, Defendants ask the court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendants all other relief to which they are entitled. Defendant Westra asks the court to render judgment in favor of it and against Plaintiff on its counterclaim, and to award damages, costs, attorney fees, interest, and all other relief to which Defendant Westra may be justly entitled.

Respectfully submitted,

FOWLER, RODRIGUEZ & CHALOS, LLP



Michael P. Nassif
State Bar No. 14814350
Application to NDTX Pending
Timothy W. Strickland
State Bar No. 19396298
Federal ID No. 1380 (NDTX)
4 Houston Center, Suite 1560
1331 Lamar Street
Houston, Texas 77010
Telephone (713) 654-1560
Facsimile (713) 654-7930

Attorneys for Defendants, Westra Services PTE, Ltd., Futurekids Singapore PTE, Ltd. (f/k/a Woodsworth Walnut PTE, Ltd.) and Wong Ee Waur Carl Jason

Of Counsel
George M. Chalos
Fowler, Rodriguez & Chalos, LLP
366 Main Street
Port Washington, New York 11050
Telephone (516) 767-3600
Facsimile (516) 767-3605

## CERTIFICATE OF SERVICE

    I certify that a copy of Defendants Westra Services PTE, Ltd. and Futurekids Singapore PTE, Ltd.'s (f/k/a Woodsworth Walnut PTE, Ltd.) Original Answer and Defendant Wong Ee Waur Carl Jason's Original Answer Subject to Motion to Dismiss for Lack of Personal Jurisdiction, and Defendant Westra's Counterclaim was served on J. Cary Gray, who is the attorney in charge for Plaintiff Jani-King Franchising, Inc., and whose address is listed below, by fax to fax number (214) 953-1332 on May 25, 2005, and by certified mail, return receipt requested on May 25, 2005.

    J. Cary Gray
    G. Tomas Rhodus
    Jonathan M. Hyman
    Looper, Reed & McGraw, P.C.
    4100 Thanksgiving Tower
    1601 Elm Street
    Dallas, Texas 75201
    (214) 954-4135
    (214) 953-1332 (Facsimile)

                                                        */s/ Michael P. Nassif*
                                                        Michael P. Nassif

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANI-KING FRANCHISING, INC. | )( | |
| Plaintiff, | )( )( )( | |
| v. | )( )( | Civil Action No. 3:05-CV-01042 |
| WESTRA SERVICES PTE, LTD., FUTUREKIDS SINGAPORE PTE LTD f/k/a WOODSWORTH WALNUT PTE LTD, and WONG EE WAUR CARL JASON | )( )( )( )( )( )( | |
| Defendants. | )( )( | |

### AFFIDAVIT OF WONG EE WAUR CARL JASON
### IN SUPPORT OF HIS 12(b)(2) MOTION TO DISMISS
### FOR LACK OF PERSONAL JURISDICTION

Before me, the undersigned Notary Public, personally appeared Wong Ee Waur Carl Jason, who, being sworn under oath, deposed and said as follows:

1. "My name is Wong Ee Waur Carl Jason. I was the part-owner of the Defendant, Woodsworth Walnut Pte Ltd, now known as Futurekids Singapore Pte Ltd ("Futurekids") at the time of the execution of the franchise agreement which is the subject of the above-styled and numbered lawsuit. I was also a part-owner of the Defendant, Westra Services Pte Ltd when it assumed the obligations and performance of the said franchise agreement in place of Woodsworth Walnut Pte Ltd. I am over 21 years of age and competent to make this affidavit. I have personal knowledge of all the facts stated herein, which are true and correct.

1


EXHIBIT A



Affidavit of Wong Ee Waur Carl Jason
May 25, 2005
Page 2

2. "I am a citizen of the Republic of Singapore and I am domiciled in Singapore.

3. "I have been sued personally by Plaintiff Jani-King Franchising, Inc. for the breach of a franchise agreement. Futurekids was and Westra is a party to this agreement and I executed this agreement on their behalf. I was not a party to this agreement and I did not execute this agreement in any personal capacity.

4. "I have no bank accounts, or other tangible personal or real property in Texas, nor have I ever had any such accounts or property.

5. "I have no mailing address or telephone listings in Texas, nor have I ever had any such address or listing.

6. "I am not personally qualified or registered to do business in Texas, nor do I do any business in Texas personally.

7. "It would be unreasonable to require me to defend this action in Texas personally because I am not a resident of Texas and not domiciled in Texas. Further, the franchise agreement, which is the subject of the above-styled and numbered lawsuit, was not performed in Texas. On the contrary, the agreement was wholly or substantially performed in Singapore.

I declare under penalty of perjury under the laws of the United States of America, and under the laws of the Republic of Singapore that the foregoing is true and correct and that this affidavit was executed on May 25, 2005 in the City of Singapore, Republic of Singapore.

_____
Wong Ee Waur Carl Jason, Affiant

    SUBSCRIBED AND SWORN TO before me, the undersigned Notary Public on May 25, 2005.

_____
Notary Public, Republic of Singapore

*[Notary seal: Pascal Baylon Netto, N2005/0255, 1 Apr 2005 – 31 Mar 2006, SINGAPORE]*

3